# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

_____X
In re:                                :
                                      :
Rocco Forino and Jennifer M. Forino,  :   Chapter 13
                                      :   Case No. 13-50786
          Debtors.                    :
_____X

*Appearances*:

| | | |
|---|---|---|
| George C. Tzepos, Esq. | : | For the Debtor |
| Law Offices of George C. Tzepos | : | |
| 444 Middlebury Road | : | |
| Middlebury, CT 06762 | : | |
| | : | |
| Douglas S. Skalka, Esq. | : | |
| Nancy B. Kinsella, Esq. | : | For Secured Creditor Naugatuck |
| Lucas B. Rocklin, Esq. | : | Valley Savings & Loan |
| Neubert, Pepe & Monteith, P.C. | : | |
| 195 Church Street, 13th Floor | : | |
| New Haven, CT 06510 | : | |

ORDER REGARDING SECURED CREDITOR'S
MOTION TO CONFIRM TERMINATION OF AUTOMATIC STAY

### I. Introduction

Naugatuck Valley Savings & Loan ("NVSL"), the holder of a secured claim, has filed a motion to confirm the termination of the automatic stay, *see* 11 U.S.C. § 362(j). (*See* ECF No. 34.) The Debtors object. (*See* ECF No. 41.) For the reasons that follow, the objection is sustained.

### II. Background

The relevant facts are not in dispute. On February 14, 2014, a Superior Court of Connecticut entered a judgment of foreclosure by sale in favor of NVSL regarding property known as 88 Bellemeadow Drive, Watertown, CT (hereafter, "Property"). On March 16, 2012, the Debtors filed a chapter 13 petition bankruptcy. (*See* Case No. 12-

50496.) On May 14, 2012, the case was converted to chapter 7. (*See id.*, ECF No. 21.) On August 31, 2012, the debtors were granted a discharge, *see* § 727(a). (*See id.*, ECF No. 39.) On September 26, 2012, the case was closed.

On October 10, 2012, the debtors filed a second bankruptcy case, seeking relief under chapter 13. (*See* Case No. 12-51835.) On November 9, 2012, the chapter 13 trustee filed a Motion to Dismiss. (*See id.*, ECF No. 31.) The motion was granted, and the case was dismissed on December 21, 2012. (*See id.*, ECF No. 36.)

On May 23, 2013, the debtors filed this chapter 13 case. (*See* Petition, ECF No. 2.) The Property was then property of their bankruptcy estate. *See* § 541.

### III. Discussion

The issue here is the effect of the termination of the automatic stay under 11 U.S.C. § 362(c)(3)(A), which provides in relevant part:

> (3) [I]f a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed . . .
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt . . . shall terminate *with respect to the debtor* on the 30th day after the filing of the later case . . .

11 U.S.C. § 362(c)(3)(A) (emphasis added).

In *Chekroun v. Weil (In re Weil)*, No. 3:12-cv-462, 2013 WL 1798898, *4-5 (D. Conn. Apr. 29, 2013), the District Court, following the majority view, held that § 362(c)(3)(A)

> merely provides for a partial termination of the automatic stay. After thirty days, the stay terminates only with respect to the debtor and the debtor's property; the stay remains operative, however, with respect to estate property even after the thirty-day period expires. . . . [Therefore,] the automatic stay has terminated, but has not terminated in its entirety. The Automatic stay remains in effect with respect to property of the bankruptcy estate, as defined by 11 U.S.C. § 541 . . .

*Id.* at *4-5.

NVSL argues that "[a]lthough a few district courts within the Second Circuit have adopted the [majority] view favored by the Debtors, this interpretation ignores the context of section 362(c)(3) as a whole and overlooks legislative history." (NVSL's Reply Brief at 2, ECF No. 48.)  NVSL contends that instead of adopting the conclusions reached in *Weil,* this Court should follow the minority view regarding § 362(c)(3) as expressed by our sister court in *Connecticut Housing Finance Authority v. Wilson (In re Wilson)*, No. 13-21001, 2014 WL 183210 (Bankr. D. Conn. Jan. 15, 2014).  The *Wilson* court, acknowledging that it was following a minority position, nonetheless was persuaded by *In re Resnick*, 446 B.R. 362 (9th Cir B.A.P. 2011).  This Court respectfully declines to follow *Wilson*.

The problem with NVSL's argument is that it urges the Court to rewrite § 362(c)(3)(A) so that it states "the stay under subsection (a) with respect to . . . property securing a debt . . . shall terminate with respect to the debtor *and to the estate* on the 30th day after the filing of the later case".  Courts are empowered to construe, not reconstruct, the law.  If Congress intended to include property of the estate, it would have stated so.  This Court will not alter the plain language of § 362(c)(3)(A).

Accordingly, the automatic stay has not fully terminated as of this date, and the Property remains property of the bankruptcy estate.

## IV.  Conclusion

IT IS ORDERED that NVSL's motion to confirm the termination of the automatic stay is denied.

Dated this 4th day of June 2014 at Bridgeport, Connecticut.

By the court

Alan H. W. Shiff
United States Bankruptcy Judge